141 F.3d 1174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CREATIVE LABS, INC., a California corporation; Creative
Technology, a Singapore corporation, Plaintiffs-Appellees,
v.
CYRIX CORPORATION, a Delaware corporation; Tiger Direct
Inc., a Delaware Corporation, Defendants-Appellants,
and
COMPAQ COMPUTER CORPORATION, Defendant.
 No. 97-16294.
D.C. No. CV-97-00912-CW.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Mar. 11, 1998.
Decided Mar. 27, 1998.
 
 1
 Appeal from the United States District Court for the Northern District of California Claudia Wilken, District Judge, Presiding.
 
 
 2
 Before CANBY and KOZINSKI, Circuit Judges, and WEINER,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 As a court of equity, the district court has wide discretion in formulating an interlocutory injunction. See Inland Steel Co. v. United States, 306 U.S. 153, 156, 59 S.Ct. 415, 83 L.Ed. 557 (1939). The district court did not hold that defendants would succeed on the merits, only that they would probably do so. See Creative Labs, Inc. v. Cyrix Corp., No. C-97-0912 CW, at 10 (N.D. Cal. June 5, 1997). Indeed, the availability of the delabeled driver may affect the legal analysis. Under Sega, the court must determine which party is primarily responsible for creating confusion, see Sega Enters., Ltd. v. Accolade, Inc., 977 F.2d 1510, 1528 (9th Cir.1992); once a delabeled driver is made available, defendants may well be deemed primarily responsible if they continue to use the driver displaying Creative Lab's trademark. The court was also well within its discretion in concluding that the balance of equities tipped in favor of Creative Labs once it made a workable delabeled driver available to the defendant. Compare Sega, 977 F.2d at 1528 (no way to use Sega platform without invoking the trademark screen). Finally, use of the delabeled driver will serve the public interest by avoiding customer confusion--an important consideration in trademark cases. See id. at 1529 ("[T]rademark policies are designed (1) to protect consumers from being misled...") (internal quotation omitted). Creative Labs stipulated at oral argument that the preliminary injunction does not apply and will not be enforced with respect to end users who buy the Cyrix MediaGX processor before the delabeled driver is made available and found to be adequate. The district court did not abuse its discretion in issuing the preliminary injunction.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The Honorable Charles R. Weiner, United States District Court for the Eastern District of Pennsylvania, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3